Action to try titles to land in Fairfield district, tried before Teezevant, J. Verdict for plaintiff. Motion for a new trial on several grounds, the principal whereof wore these. 1. That a copy of the original grant to one J. D. of the land in question was allowed to be given in evidence by the plaintiff. This exception was overruled. It appeared that one T. W. purchased the land from J. D.: and the son and executor of T. W.. proved, that after his father’s death he took possession of his papers, among which were certain deeds of lease and release of said land, from J. D. to his father, and also an ancient copy of the original grant which was produced at the trial; and that during the revolutionary war-in America, the British troops plundered the house and plantation of his father ; but that his father had other lands, the muniments relating to which wore not taken or destroyed, and whether the original grant was ever in his father’s possession or custody he could not tell. T. W. sold the land to one M’Callisfer, under whom the plaintiff claimed. The court was of opinion that the evidence given was sufficient presumptive evidence of the loss of the original to authorise the admission of a copy in evidence ; and that a certified copy of the original record in the Secretary’s office is sufficient proof that the original grant did exist. And they signified, that very slight" evidence of tho loss in cases like the present, where the land has been conveyed by tho original grantee, and has passed to different purchasers, and no proof that the plaintiff ever had possession of the origina"! *237 grant, ought to be deemed sufficient for the purpose of admitting an authentic office copy in evidence. Seo A. A. 1731. P. L. 133. 2 Bl. Com. 340. 1 Morg. Ess. 153. Letters patent enrolled need not be proferred. Exemplification of letters patent is good evidence. 12 Yin. Abr. 110.
2. That the indorsement on the titles from T. W. to M’Cal. lister, which was in the words and form following, was not sufficient in law to transmit any title to the land to the plaintiff, viz: “The •within to William M’Callister Turnei, from under my hand and seal, August 22, 1779. Witness present, Dominic Craney. Alexander Turner. (Signed) 1 William M’Callister.’ ” It was also stated a# a further ground, that this indorsement was not sufficiently proved, inasmuch as the hand writing of M’Callister, and of one of the witnesses, only, were proved, they being first proved to be dead. It was proved that the other witness had gone out of .the country many years ago ; and it was unknown where he was gone, or whether he was dead or alive, but he had not been heard of for many years. No proof however was given of his hand writing. .The court were of opinion that this evidence was proper evidence ,to be left to the jury, as sufficient proof of the making and delivery of the writing indorsed on the deed. But with respect to the legal effect and operation of the indorsement, the court were of opinion, that it was not sufficient in law to transfer any estate mentioned in the deed. To support the verdict on this ground, it was argued, that this indorsement was a good assignment,' having reference to the writing within ; Bay v. Freazer, 1 Bay 66. The act of 1785, P. L- 381, requires deeds to be sealed ; but this was not necessary before. See 1st section of the act of 1712, P. L. 101, as to the indorsement of patents ; and 28th section of the act of 1731, P. L. 132, as to assignments by indorsement on deeds, or grants. The Indorsement was fuliy proved, Wallis v. Delancey, 7 T. R. 262, note. The court however thought the indorsement was too uncertain, vague, and informal, to have any sensible construction as a conveyance given to it. It is true, that'in the case of Anderson v. Calhoun, where “special bail” was indorsed on a bail bond, it was construed to be equivalent to a recognizance ; but that was because it was a technical expression, and to be expounded in a technical sense.
3. Another exception taken was, that the release from T. W. to M’Callister was not sufficiently proved. It appeared that T. W. had made his mark T. to the deed,which was witnessed by R.W. and J. C. It was proved that both of these witnesses resided out of the State; and the hanc¡ writing of one of them, together with the mark of T. W. *238 (which was sworn to) was deemed sufficient evidence of the execution of the deed, without proving the hand writing of the other witness. The court were of opinion that the deed was sufficiently proved. See Wallis v. Delancey, T. R. 262, note. 4 Johns. 461. Witnesses absent., proof of their hand writing sufficient, without proof of obligors.
Blanding, for plaintiff, Evans, and Smith, for defendant.
New trial granted,
All the judges, (except Giumke, who was absent,) concurred in the above resolutions.